CONTINENTAL CASUALTY
COMPANY, Plaintiff,

v.

Gerald GUTERMAN, Defendant.

Gerald GUTERMAN,
Third–Party Plaintiff,

v.

FIRST WINTHROP CORP., et al.,
Third–Party Defendants.

No. 87 C 9996.

United States District Court,
N.D. Illinois, E.D.

March 20, 1989.

Edward L. Foote, Julie A. Bauer, Winston & Strawn, Chicago, Ill., for plaintiff.

Kevin M. Forde, Mary Anne Mason, Kevin M. Forde, Ltd., Chicago, Ill., for defendant and third-party plaintiff.

Thomas W. Johnston, Dennis C. Waldon, Michael J. Allen, Keck, Mahin & Cate, Chicago, Ill., for third-party defendants.

ORDER

BUA, District Judge.

After reviewing the motions filed by various parties to this litigation, Magistrate Bucklo recommended in two separate reports that this court dismiss defendant Gerald Guterman's third-party complaint and enter summary judgment for plaintiff Continental Casualty Company ("CNA"). In an order dated December 19, 1988, the court adopted the magistrate's reports and recommendations. Pursuant to Fed.R. Civ.P. 60(b), Guterman now moves to vacate the court's order of December 19, 1988.

With respect to the dismissal of his third-party complaint, Guterman asserts that the court neglected to consider his objections to the magistrate's recommendation of dismissal. In fact, the court considered and rejected Guterman's arguments against dismissal. Therefore, the court sees no reason to vacate the dismissal of Guterman's third-party complaint.

Guterman makes a more compelling argument for vacating the entry of summary judgment for CNA. He notes that he did not learn about the magistrate's report concerning CNA's summary judgment motion until the court had already adopted the magistrate's recommendations. Guterman asks the court to vacate its order entering summary judgment for CNA so that he can receive an opportunity to file objections to the magistrate's recommendation of sum-

**954**

mary judgment. Guterman presents his objections in an appendix to his motion to vacate. If any of these objections raised doubts about the magistrate's conclusion, the court would consider granting Guterman's motion to vacate. Unfortunately for Guterman, his objections fail to convince this court to reconsider its adoption of the magistrate's recommendation.

 The dispute between Guterman and CNA stems from a suretyship arrangement. Acting as Guterman's surety, CNA paid off Guterman's debts to the 1626 Partnership. CNA now asserts a straightforward claim to indemnification based on its indemnity agreement with Guterman. Guterman raises three challenges to CNA's motion for summary judgment. First, he contends that CNA voluntarily paid the debt without asserting equitable defenses on Guterman's behalf. According to Guterman, CNA's failure to assert his equitable defenses precludes CNA from seeking reimbursement from him. *See First National Park Bank v. Johnson*, 553 F.2d 599, 602 (9th Cir.1977). This argument ignores the fact that the indemnity agreement between the parties expressly provides for indemnification by Guterman regardless of whether CNA asserts his equitable claims. Thus, even if CNA paid off debts for which Guterman was not liable, the indemnity contract entitles CNA to full reimbursement. *See Fidelity & Deposit Co. of Maryland v. Bristol Steel & Iron Works*, 722 F.2d 1160, 1163 (4th Cir.1983); *Commercial Insurance Co. of Newark v. Pacific–Peru Construction Corp.*, 558 F.2d 948, 953 (9th Cir.1977). Alternatively, Guterman argues that CNA failed to mitigate damages by selling the collateral he had provided. The indemnity agreement, however, calls for full indemnification by Guterman whether or not CNA has sold the collateral. Having failed to show that CNA had a duty or an opportunity to mitigate damages, Guterman cannot assert an affirmative defense based on the failure to mitigate. *See Toushin v. Gonsky*, 77 Ill. App.3d 508, 517, 32 Ill.Dec. 743, 750, 395 N.E.2d 1124, 1131 (1979). Finally, Guterman contends that CNA's failure to assert his claims impaired the value of his collat-

eral. Perhaps CNA's failure to assert Guterman's claims deprived him of the right to set off amounts against his debt to the 1626 Partnership; but Guterman has established no correlation between these set-offs and the value of his partnership interests that CNA held as collateral.

Ultimately, Guterman is asking the court to excuse him from his contractual obligation simply because he made a bad deal. Guterman has provided no legal justification for disturbing this court's previous ruling. Consequently, the court denies Guterman's motion to vacate its order of December 19, 1988.